## AMERICAN ENGINEERING CO. v. METROPOLITAN BY-PRODUCTS CO., Inc.

(District Court, E. D. New York. November 7, 1924.)

1. Receivers ⬩179—Filing of answer by defendant at direction of its receivers held act of receivers, which they have power to adopt.

Filing of answer by defendant at direction of receivers in action for false arrest brought by leave of court held act of receivers, which they had power to adopt.

2. Courts ⬩508(4)—Federal District Court, having authorized plaintiff to bring suit against receivers, will not restrain further proceedings in state court.

A federal District Court, having granted leave to plaintiff to bring action against defendant company for whom receivers had been appointed, will not restrain defendant and its receivers from taking appropriate proceedings in such action brought in state court; the latter tribunal being competent to protect rights involved.

In Equity. Suit by the American Engineering Company against the Metropolitan By-Products Company, Inc. On application by William P. Langevin for an order staying George M. Moffett, defendant's receiver, from taking further proceedings in an action by applicant against defendant and others, pending in the New York Supreme Court. Application denied.

Joseph Osmun Skinner, of New York City, for applicant.

Lewis & Kelsey, of New York City, for defendant.

GARVIN, District Judge. This is an application by William P. Langevin for an order staying the defendant herein and George M. Moffett, as receiver thereof, from taking any further proceedings in an action brought by said Langevin in the New York Supreme Court, New York County, against

the defendant and others for false arrest and malicious prosecution, which action has been dismissed by Mr. Justice Mahoney on motion of certain defendants. An application for leave to reargue that decision has been made, and has been adjourned pending a decision on the motion now before this court. Receivers in equity (of whom Moffett was one) of defendant Metropolitan By-Products Company, Inc., were appointed on the application of the complainant, American Engineering Company, on November 19, 1917.

[1] The action by Langevin was brought by leave of this court, contained in an order granted July 2, 1918. An answer was interposed, in form by the defendant, but at the instance of the receivers. They were in duty bound to defend the action. The filing of such answer must be held to be their act. It is contended by the moving party herein that this act was that of the defendant, but the court is of the opinion that the receivers have the power to adopt the answer filed as their own, especially in view of the fact that it was filed at their direction.

[2] The court sees no reason for attempting to interfere with the New York Supreme Court. To take such action, assuming the court has that power, would be in effect to substitute the discretion of this court for that of the other. Such a course of action would be without precedent, if not actually illegal, and, if followed, would lead to unseemly conflicts between this court and a tribunal which is fully competent to protect the rights of all litigants whose differences are submitted to it for determination. This court does not doubt but that Mr. Justice Mahoney will examine with care the application for leave to reargue, and that, if any matters that should have been taken into account were not brought to the attention of the court, they will have prompt, careful, and conscientious consideration; if injustice has been done, it will be speedily corrected.

It appears that an appeal to the Appellate Division has been taken from the order of dismissal, and it is urged that the appeal precludes any reargument. If this is correct, and the order is affirmed, plaintiff may bring to the notice of the Appellate Division his contentions of omission, in order that he may be given leave to make a motion on additional papers, if the court is satisfied that the application has merit.

The application is denied.